Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as by the will of James Boyd, deceased, the executors were directed, after the *122 personal assets appropriated to the payment of debts should be exhausted, to sell as much of his lands as would be sufficient to discharge the residue of his debts; and as it appears from the accounts taken in this case, that before any sale of the real estate was made, such personal assets had been applied to the payment of the debts, that the estate was largely in arrear to the principal acting executor, Thomas Wilson, for advances made by him, and that there were still outstanding unsatisfied debts against the estate, it .was proper according to the terms of the will to make sale of a portion of the lands; and the trustees Taylor and M’Clanahan were guilty of no violation of the trust confided to them in uniting in a sale rendered necessary by the condition of the estate, and required by the terms of the will.
The Court is further of opinion, that in this transaction the executors acted as trustees, and as such can be liable only for their respective receipts, unless some circumstances of fraud, or of gross neglect amounting to fraud, appeared in the case. And where, as in this case, the sale was made, and was necessary, to accomplish the purposes of the trust, the proof of such fraud should be distinct and conclusive to charge one trustee for the receipts of another.
The Court is further of opinion, that in this case there is no ground for the imputation of any fraud to either of the trustees, Taylor or M ’ Clanahan, in acquiescing in the payment of the proceeds arising from the sale of the land to their cotrustee, Thomas Wilson; and much less in their omission to call upon him to pay over such funds to them; if indeed it be competent for one trustee, upon a suggestion of the misapplication of funds by a cotrustee, which were properly in the hands of such cotrustee, to assert any such claim ; a point not necessary to decide in this case.
So far from being chargeable with fraud, it was under the circumstances peculiarly proper in the trustees, *123 Taylor and M’Clanahan, to leave the receipt and disbursement of the proceeds of the land to their cotrustee, Thomas Wilson. He had been the principal acting executor, and as such had promptly disbursed all the personal assets which came to his hands, and was largely in advance to the estate. He was personally interested as a creditor of the estate in the collection of the money arising from the sale of the lands; and from the previous course of administration best acquainted with the condition of the estate. His character was fair, and his fortune apparently ample; and there is nothing to shew that either Taylor or M’Clanahan knew or had cause to suspect that he had not faithfully applied the funds which came to his hands, except the balance ascertained to be due from his estate, upon the settlement made by his executor with the commissioner of the County Court.
The Court is therefore of opinion, that so much of said decree as charges the representatives of Taylor with any moneys received by Wilson on account of the lands sold was erroneous.
The Court is further of opinion, that so much of said decree as charges the executors, Wilson and Taylor, with a devastavit, on account of the supposed sacrifice of the slaves at the sale made by the deputy marshal or sheriff in Buchanan, is also erroneous. As to Taylor, because if his cotrustee Wilson, then had funds arising from the sales of the land in his hands, his failure to apply them to the discharge of the execution, was no default in Taylor ; nor could it prevent a creditor from levying upon and selling the assets of the estate; and erroneous as to Wilson because the securities in his executorial bond were not responsible for his acts as trustee. They were bound for the application of the assets to the payment of the debts, and they were so applied. The failure of the trustee to relieve the assets by the application of the funds in his hands, was a breach of duty as trustee, but not a devastavit as executor.
*124 The Court is further of opinion, that there was nothing in the circumstances attending the sale which would justify a speculative charge against the defendants, either as executors or trustees; as the property seems t0 bave been publicly and fairly sold, under an execution properly levied thereon.
The Court is further of opinion, there was error in so much of said decree as charges the said Taylor’s representatives with the sum of 792 dollars, with interest from 14th August 1832, till paid, on account of the sale of slaves, to satisfy the judgment rendered in favour of Thomas Wilson’s ex’or against the surviving executors of said Boyd. There is no suggestion that said judgment was collusively obtained, or that the surviving executors knew or suspected that they were' entitled to a greater credit than the balance appearing to be due from said Wilson’s estate, upon the settlement made by his executor, of the transactions of said Thomas Wilson, as executor of said James ■ Boyd. And although upon a restatement of the accounts, upon different principles from those adopted by the commissioner of the County Court, it appears the said Thomas Wilson would have been in arrear as trustee, and should have applied the true balance in his hands, to the payment of Smith’s judgment, his failure so to do was a breach of trust for which he was personally responsible, hut not responsible as executor, so as to render his securities, including his coexecutors, liable on the official bond as for a devastavit. So that in no aspect could such charge be made against said Taylor solely, as by the decree was done, or jointly with the other obligors in the official bond.
The Court is further of opinion, that there is error in so much of said decree as disallows the executor of Thomas Wilson commissions on the assets of the personal estate administered by said Thomas Wilson; although no actual settlement was returned within two *125 years and six months after the passage of the act of February 16, 1825. As it appears the executor died within less than two years after the passage of the law, the omission of his representative to procure a settlement within the time limited, should not deprive his estate of a valid claim, according to the principles established in the case of Turner v. Turner, 1 Gratt. 11. But commission was properly disallowed to said Wilson upon the trust fund, as he was guilty of a gross breach of trust in not applying the funds in his hands to the payment of the debts, and so subjecting the estate to great loss.
The Court is further of opinion, that there was error in disallowing to the representatives of Taylor his commission on the money received and disbursed by him as trustee; the case of a trustee not being embraced by the terms of the law, and there being no such violation of his duty as trustee in the application of the funds received from the sales of the land, as should be visited with the loss of commissions. But commissions on the personal assets administered by him were properly disallowed, as he failed to have a settlement of his executorial accounts made out and returned within the time prescribed by law.
The Court is further of opinion, there was error in so much of said decree as directed the administration account to be closed, and the account settled on the principles of ordinary debtor and creditor, before the debts outstanding had been ascertained to be due from the estate : and that the period at which the judgment was rendered in favour of Smith against the executors, was the proper period at which the administration account should have been closed.
The Court is further of opinion, there is no error in so much of said decree as overrules or sustains other exceptions not conflicting with the principles hereinbefore declared.
*126 It is therefore adjudged, ordered and decreed, that so much of said decree as is hereinbefore declared to be erroneous, be reversed and annulled, and that the appellants recover of the appellees their costs by them exPen<^e<^ m the prosecution of their appeal here,
And this cause is remanded, with instructions to recommit the accounts to a commissioner, to restate, audit, and settle them according to the principles aforesaid; and with directions to settle the accounts of the executors separately, so far as respects their administration of the personal estate, excluding therefrom all items of charge growing out of the land fund. So that, if upon such settlement of their accounts of their administration of the personal assets any balance should be ascertained to be due from them, or either of them, in their character of executors, a decree may be pronounced against thém or their representatives, and their coexecutors and securities in the joint official bond. And also that he state an account with each executor as trustee, in respect to the proceeds arising from the sale of the land; so that if upon such settlement, a balance should be ascertained to be in the hands of either of the said trustees, a decree may be pronounced against such trustee or the representatives of such as are dead, for the amount so ascertained to be due by such trustee individually.